UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marc J. Burkhart,                                    Civil No. 13-767 (PAM/JJK)

             Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

United States Postal Service,

             Defendant.

This matter is before the Court on Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. For the reasons that follow, the Motion is granted.

**BACKGROUND**

In July 2012, Plaintiff Marc Burkhart sent his son a new Apple iPhone 4s via United States Mail. Burkhart insured the package, which also included a used Blackberry mobile phone, for $1,000. (Pl.'s Opp'n Mem. (Docket No. 24) at 1-2.) Unfortunately, the iPhone was stolen while en route from Minnesota to Massachusetts.[1] On August 15, 2012, Burkhart filed a claim with the USPS seeking reimbursement for the phone. (Sigmon Decl. Ex. (Docket No. 15) Ex. A at 4.) Although the receipt he attached to the claim reflects a sales price of $199.99, Burkhart requested reimbursement in the amount of $800. (Id. at 5-6.) On September 26, 2012, the USPS issued Burkhart a check for $199.99. (Id. at 7.)

---

[1] The Blackberry phone was not stolen and is not at issue.

Burkhart protested the amount and again requested reimbursement in the amount of $800. (Id. at 10.) He reasoned that he purchased a replacement phone, a newer version of iPhone, the iPhone 5, for $699.99 plus tax and additional fees for software and activation. (Id.) The receipt for the replacement phone indicates that he paid a total of $751.94 for the new phone and related accessories. (Pl.'s Opp'n Mem. Ex. 2.) Burkhart acknowledges that he paid $199.99 for the original iPhone, but explains that the deal he secured on that phone was not offered at the time he purchased its replacement. (Id.; Sigmon Decl. Ex. A.)

The USPS denied Burkhart's request for additional compensation and his subsequent appeals for reconsideration. (See Sigmon Decl. Ex. A at 10-15.) The USPS explained that insured articles are reimbursed based on the "actual loss sustained and not the amount of insurance purchased" and that loss amount is determined by "evidence of value," such as a receipt, invoice, or credit card statement. (Id. Ex. B at 1.) The USPS further explained that "actual loss" is the fair market value of the item at the time of mailing, not the item's replacement cost. (Id.) Burkhart exhausted his administrative remedies and then sued in Brown County Conciliation Court. (Compl. (Docket No. 2) Exs. A-B.) The USPS removed the case to this Court and now moves to dismiss the case.

**DISCUSSION**

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the factual allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff and will grant

a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The USPS argues that it is immune from suit under the doctrine of sovereign immunity. The Court agrees.

Sovereign immunity protects the federal government and its agencies from suit. Because the USPS "is an independent establishment of the executive branch of the Government of the United States," with "significant governmental powers," it "enjoys federal sovereign immunity absent a waiver." Najbar v. United States, 649 F.3d 868, 870 (8th Cir. 2011) cert. denied, 132 S. Ct. 2378 (U.S. 2012) (quoting Dolan v. United States, 546 U.S. 481, 483-84 (2006)).

In the Federal Tort Claims Act, Congress enacted a limited waiver of the United States' sovereign immunity for claims arising out of torts committed by federal employees. The FTCA permits "claims against the United States, for money damages . . . for injury or loss of property . . . caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment . . . ." 28 U.S.C. § 1346(b)(1). The FTCA's waiver of sovereign immunity is limited by a series of exceptions listed at 28 U.S.C. § 2680. Pertinent to this case, the USPS is immune from suit for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The Supreme Court has explained that "Congress intended to retain immunity, as

a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." Dolan, 546 U.S. at 489.

This matter falls squarely within the plain language and meaning of § 2680(b). Burkhart alleges that the mail he sent did not arrive at its intended destination. The fact that the phone is alleged to have been stolen,[2] rather than merely lost, does not change the analysis or the result. See Johnson v. United States, No. 08-cv-314, 2009 WL 236375 *3 (D. Neb. Jan. 29, 2009) ("[T]he United States enjoys sovereign immunity for lost-mail claims . . . . even where, as happened here, a mail room employee engages in theft.). The United States has not waived its grant of sovereign immunity for claims such as this involving lost or stolen mail. Burkhart's claim must therefore be dismissed because the Court lacks subject matter jurisdiction.

---

[2] There is no indication in the record as to whether the phone was stolen by a postal employee or someone else.

**CONCLUSION**

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket No. 11) is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 27, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge